MITCHELL H. URSO and AMELIA MARIA URSO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urso v. Commissioner
Docket No. 20232-82.
United States Tax Court
T.C. Memo 1984-267; 1984 Tax Ct. Memo LEXIS 404; 48 T.C.M. (CCH) 134; T.C.M. (RIA) 84267; May 21, 1984. Mitchell Urso and Amelia Urso, pro se. Keith H. Johnson, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before us on respondent's oral motion for summary judgment. Respondent determined a deficiency of $1,223 in petitioners' Federal income tax for 1979. The issue in this case is whether petitioner-husband received unreported income of $5,267 in wages and $29 in interest. Petitioners resided in Brooksville, Florida, when the petition in this case was filed. Respondent filed a motion for an order to show cause pursuant *405 to Rule 91(f) [1] why the facts and evidence recited in respondent's proposed stipulation of facts should not be accepted as established for the purposes of this case. The motion was granted and petitioners were ordered to show cause on November 23, 1983. They failed to appear and the proposed stipulation of facts is now deemed admitted. Petitioners also failed to appear for scheduled calendar call in Tampa, Florida. A summary of the undisputed facts is as follows. During 1979, petitioner-husband was a professional plumber and petitioner-wife was a clerk employed by the United States Department of Agriculture. On their 1979 Federal tax return, petitioners reported $20,504.81 of income but failed to include $5,267 of wage income received by petitioner-husband from Stearns Roger, Inc., and $29 in interest income received from the First National Bank of Brooksville. Petitioners filed a petition identical to petitions filed by other taxpayers in the Tampa region belonging to a tax *406 protestor group called the Keystone Society. We find that respondent is entitled to judgment as a matter of law, based upon the facts deemed admitted. Section 61(a). Finally, we find this proceeding to have been instituted by petitioners merely for delay and accordingly, on our own motion, we award damages to the United States in the amount of $500 under section 6673. An appropriate order will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩